IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO. 3:22-cv-02819

| | |
|---|---|
| HANFORD FARRELL III, and<br>BRETT FINKELSTEIN,<br><br>      Plaintiffs,<br><br>v.<br><br>SEAN PATRICK PAYTON, and<br>SKYLENE MONTGOMERY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Hanford Farrell III ("Farrell") and Brett Finkelstein ("Finkelstein," together with Farrell, "Plaintiffs"), hereby sue Defendants, Sean Patrick Payton ("Payton") and Skylene Montgomery ("Montgomery," together with Payton, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

This is an action for declaratory and injunctive relief relating to Defendants' efforts to cause, hinder or delay Plaintiffs' ability to force the sale of certain real and personal property in Walton County. As set forth in greater detail below, Farrell, Finkelstein and/or their Assigns (collectively, "Buyers") and Defendant Payton negotiated and entered into a sale and purchase agreement for a luxury, single-family residence in Alys Beach, Florida. At or around the same time the parties executed that sale agreement, Defendants Payton and Montgomery were married in Mexico. Subsequently, and mere days before the scheduled closing date for the sale, Defendant Payton sought to back out of the parties' agreement and refused to close.

On August 13, 2021, Plaintiffs filed a claim in arbitration against Defendant Payton seeking specific performance of the sale agreement. The arbitration was set to be completed last month;

however, shortly before the final hearing was scheduled to occur, the arbitrator stayed the proceedings through at least the end of this month at the behest of Defendant Payton's counsel due to counsel having an elective medical procedure.

Plaintiffs have now recently learned that Defendants have sought to use the stay of the arbitration in order to establish the property as their Florida homestead. Such change in the status of the property from non-homestead to homestead would impact and create a significant obstacle to Plaintiffs' ability to obtain specific performance of their sale agreement with Defendant Payton. Accordingly, Plaintiffs seek (i) a declaration that Defendants' establishment of the property as homestead would be tantamount to a fraudulent transfer and ineffective as to Plaintiffs, because such designation arose subsequent to Plaintiffs' initiation of the arbitration against Defendant Payton; and, (ii) an injunction preventing Defendants from taking steps to re-deed and change the status quo of the property prior to the final resolution of the parties' arbitration proceeding.

## PARTIES

1. Plaintiff Farrell is a citizen and resident of Austin, Texas.

2. Plaintiff Finkelstein is a citizen and resident of Atlanta, Georgia.

3. Defendant Payton, upon information and belief, is a citizen and resident of New Orleans, Louisiana.

4. Defendant Montgomery, upon information and belief, is a citizen and resident of New Orleans, Louisiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Plaintiff Farrell is a citizen of Texas, Plaintiff Finkelstein is a citizen of Georgia, Defendant Payton is a resident of Louisiana, Defendant Montgomery is a citizen of Louisiana, and the amount in

controversy exceeds $75,000, exclusive of attorney's fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the property that is the subject of this Action is situated in this District.

## GENERAL ALLEGATIONS

7. On August 15, 2013, Defendant Payton obtained, as part of a divorce settlement, the plot of land located at 13 La Garza Court, Alys Beach, Florida 32461, on which he subsequently built a three-story, 3200 square foot vacation home. A true and correct copy of the Property Deed is attached as **Exhibit 1** and incorporated herein.

8. Defendant Payton was unmarried at the time he acquired and developed the La Garza property, and maintained his primary residence in New Orleans, Louisiana, where he worked as the head football coach of the New Orleans Saints.

9. In June 2021, Defendant Payton and Buyers negotiated and entered into a Contract for a Residential Sale and Purchase (the "PSA") of the real and personal property located at 13 La Garza Court, Alys Beach, Florida 32461 (the "Property"), for Seven Million Two Hundred Thousand Dollars ($7,200,000.00) (the "Contract Price").

10. The closing date for the sale of the Property was August 9, 2021 (the "Closing Date").

11. Upon information and belief, on or around June 18, 2021, Defendants Payton and Montgomery were married in Cabo San Lucas, Mexico.

12. On August 2, 2021, upon returning from his honeymoon, Defendant Payton informed Buyers' broker that he no longer wanted to proceed with the sale of the Property, because he was unable to complete a 1031 exchange with a property he planned to buy in Idaho.

13. The PSA, however, contained no contingency for Defendant Payton to terminate the agreement based on his inability to complete a 1031 exchange.

14. Knowing the foregoing, on August 4, 2021, less than a week before the Closing Date, Defendant Payton sent Plaintiffs a notice purporting to terminate the PSA, based on Plaintiffs' assignment thereof to their limited liability company, High Tide Beach IG, LLC ("High Tide"), without Defendant Payton's consent.

15. Plaintiffs agreed to cancel the assignment and to proceed to the closing in their individual capacities, even though they had the right under the PSA to close in the name of their assignee, High Tide, and such assignment would have zero impact on the Contract Price or the Closing Date.

16. Nevertheless, Defendant Payton failed and refused to close the sale of the Property on the Closing Date or thereafter, and, as a result, Plaintiffs filed a demand for arbitration against Defendant Payton before the American Arbitration Association per the terms of the PSA (the "Arbitration").

17. A Scheduling Order was entered in the Arbitration on November 5, 2021, which order set the date of the Final Hearing for February 28, 2022; however, on January 12, 2022, Defendant Payton's counsel moved to continue the Final Hearing on the grounds that he was having an elective medical procedure that would require physical therapy.

18. On January 15, 2022, the arbitrator stayed the case until at least March 31, 2022. A true and correct copy of the Order Postponing Final Hearing is attached as **Exhibit 2** and incorporated herein.

19. Shortly thereafter, on January 25, 2022, Defendant Payton announced his retirement as the head coach of the Saints.

20. Upon information and belief, Defendants Payton and Montgomery have sought to use the stay of the arbitration to change the status quo of the Property and establish it as their new

Florida homestead.

21. All conditions precedent to the filing of this Action have occurred or otherwise been waived.

## COUNT I
## DECLARATORY JUDGMENT

Plaintiffs reassert the allegations in paragraphs 1-21 above, as though fully set forth herein, and further state:

22. This is an action for declaratory judgment under 28 U.S.C. § 2201.

23. Plaintiffs are entitled to seek specific performance of the sale of the Property under the terms of the PSA, and thus, have a legal interest in the Property.

24. Defendant Montgomery is not a signatory to nor a third-party beneficiary of the PSA, and so, is not a party in the Arbitration; however, upon information and belief, she may now claim an ownership, tenancy, or other interest in the property as Defendant Payton's spouse.

25. Further, upon information and belief, Defendants Payton and Montgomery have actively taken steps to establish the Property as their new homestead by, *inter alia*, moving in, directing their mail to, and other setting up a permanent residence at the Property, with the intent to hinder, delay and avoid Plaintiffs' legal rights and interests therein.

26. Plaintiffs are in doubt as to their rights under the PSA, based on Defendants' efforts to better or strengthen their position as to the Property during the stay of the Arbitration.

27. A bona fide dispute exists between the parties as to whether any interest Defendant Montgomery may now claim or has acquired in the Property and Defendants' efforts to establish the Property as homestead subsequent to the initiation of the Arbitration, would be superior to Plaintiffs' rights or exempt the Property from a forced sale pursuant to the PSA.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment declaring that: (i) any interest Defendant Montgomery may now claim in the Property is subordinate and inferior to Plaintiffs' pre-existing rights under the PSA; (ii) Defendants cannot use the homestead protection to avoid, hinder or delay Plaintiffs' legal rights in the Property and a final determination of Plaintiffs' claim for specific performance in the Arbitration; and, (iii) Defendants' establishment of the Property as homestead post-initiation of the Arbitration would be tantamount to a fraudulent transfer and/or other ineffective as to Plaintiffs.  In addition, Plaintiffs request that this Court enter an award of attorney's fees and costs, and grant any other relief this Court deems just and proper.

## COUNT II
## INJUNCTIVE RELIEF

Plaintiffs reassert the allegations set forth in paragraphs 1-21 & 23-25, as though fully set forth herein, and further state:

28. Notwithstanding the binding PSA and pending Arbitration, Defendants Payton and Montgomery have taken steps to attempt to thwart the specific performance of the sale of the Property.

29. Plaintiffs have a substantial likelihood of success on the merits of their claim, because Defendant Payton is obligated under the PSA to close and convey the Property to Plaintiffs, and Defendants are not entitled to improperly use the homestead process to circumvent and otherwise avoid, hinder or delay Plaintiffs' right to obtain specific performance under the PSA through the Arbitration.

30. The Property is unique, and Plaintiffs face a substantial threat of irreparable injury if Defendants are able to better their position as to the Property and change the status thereof to homestead, and thus, prevent or hinder Plaintiffs' ability to force the sale of the Property under the PSA.

31. The threatened injury to the Plaintiffs' rights under the PSA and in the Arbitration greatly outweighs any potential injury an injunction may cause Defendants in being prevented from taking steps to strengthen their interests and position in the Property as to Plaintiffs during the pendency of the Arbitration.

32. Granting the injunction will not disserve the public interest in any way. Indeed, it is in the public's interest to prevent parties from abusing the homestead exemption to circumvent ongoing legal proceedings.

WHEREFORE, Plaintiffs respectfully request that the Court enter an injunction against Defendants preventing them from re-deeding the Property into both Defendants' names or otherwise changing the status quo of the Property pending the final resolution of the Arbitration, and an award of Plaintiffs' reasonable attorney's fees, costs, expenses, and all other relief this Court deems just and proper.

Dated: March 4, 2022

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Plaintiffs*
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131-3456
Telephone: (305) 350-7234
Direct Fax: (305) 351-2195

By: */s/ Adrian K. Felix*
   Adrian K. Felix, Esq.
   Florida Bar No. 30846
   afelix@bilzin.com
   mavin@bilzin.com
   Stephanie Koutsodendris, Esq.
   Florida Bar No. 123583
   skoutsodendris@bilzin.com
   asolis@bilzin.com
   eservice@bilzin.com